IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANTHONY McCLAIN, # 276132, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 2:13cv723-WHA |
| | )            (WO) |
| CLARA JONES, *et al.,* | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter concerns a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Alabama inmate Anthony McClain ("McClain"). Doc. No. 1.[1]

### I.  BACKGROUND

Guilty Plea and Sentence

On February 24, 2009, under a plea agreement, McClain pled guilty in the Montgomery County Circuit Court to two counts of first-degree assault, in violation of § 13A-6-20, Ala. Code 1975. On December 16, 2010, the trial court sentenced McClain to 20 years' imprisonment on one of the counts and to 10 years' imprisonment on the second count, with the sentences to run consecutively, for a total term of 30 years' imprisonment. McClain did not appeal.

Trial Court Proceedings on First Rule 32 Petition

On March 24, 2011, McClain, proceeding *pro se*, filed a petition for postconviction relief under Rule 32 of the Alabama Rules of Criminal Procedure alleging that his guilty plea was involuntary because his trial counsel rendered ineffective assistance by misinforming him about

---

[1] Document numbers ("Doc. No.") are those assigned by the Clerk of Court in this civil action. Page references are to those assigned by CM/ECF.

the terms of his plea agreement. Doc. No. 16-1. In particular, McClain claimed that his trial counsel erroneously advised him that, under the plea agreement: (1) he would be sentenced to no more than a total of 20 years' imprisonment for his two convictions, and (2) he would be eligible to earn good-time credit on his sentence. *Id*. at 5, 10-12. McClain also claimed that his trial counsel was ineffective for failing to timely object to his receiving consecutive sentences of 20 and 10 years' imprisonment and instead waiting five weeks after sentencing to lodge an objection. *Id*. at 11-12.

The State filed an answer to McClain's Rule 32 petition, arguing that his claims were meritless. In particular, the State asserted:

- McClain was indicted for two counts of attempted murder and one count of third-degree assault.

- McClain knowingly and voluntarily pled guilty under a negotiated plea agreement that allowed him to (a) plead guilty to two counts of first-degree assault as lesser included offenses of the attempted-murder charges, and (b) be sentenced to 20 years' imprisonment for one conviction and 10 years' imprisonment for the second conviction, with the sentences to run consecutively. The third-degree assault charge was dismissed as part of the plea agreement.

- At an initial sentencing hearing, McClain and his trial counsel "indicated that their understanding of the agreement was that the time was to be served concurrently" rather than consecutively, but McClain was then allowed to consider whether to withdraw his guilty plea. Sentencing was postponed, and McClain ultimately chose not to withdraw his pleas and to accept the consecutive sentences.

- At the subsequent sentencing hearing, on December 16, 2010, McClain received consecutive sentences.

- McClain's trial counsel filed a timely motion to reconsider the consecutive sentences on January 14, 2011, and a hearing was held on that motion on February 19, 2011, after which the trial court denied the motion.

Doc. No. 16-2. The State attached to its answer copies of the Explanation of Rights and Plea of Guilty form (also known as an "*Ireland* form"), the case action summary, the motion to

2

reconsider the consecutive sentences filed by McClain's trial counsel, and the State's objection to the motion to reconsider. *Id*. at 9-17.

On June 10, 2011, the trial court entered an order denying McClain's Rule 32 petition, finding "no evidence to support [McClain's] claims." Doc. No. 16-3. Specifically, the trial court stated that McLain has been "advised of his rights as evidenced by his plea form," had been advised that the trial court was not bound by any plea agreement when it comes to sentencing," and had been "provided an opportunity to withdraw his guilty plea, but declined to do so." *Id*. at 1-2. Therefore, the court concluded, McClain's guilty plea was voluntary. *Id*. at 2. The court also concluded that McClain "was adequately represented by counsel." *Id.*

Second Rule 32 Petition

McClain did not initially appeal the denial of his Rule 32 petition, because he did not receive notice of the trial court's ruling denying it. Consequently, in September 2011, he filed a second Rule 32 petition, in which he requested an out-of-time appeal from the denial of his first Rule 32 petition on the ground that his failure to timely appeal was through no fault of his own. *See* Doc. No. 9-4 at 7-11. The trial court summarily dismissed McClain's second Rule 32 petition, and McClain appealed. *Id*. at 19-20. The Alabama Court of Criminal Appeals remanded the case for the trial court to allow McClain an opportunity to prove his claim that he failed to appeal the denial of his first Rule 32 petition through no fault of his own. Doc. No. 9-7. On remand, the trial court appointed McClain's trial counsel to represent him and held an evidentiary hearing on November 5, 2012, after which the court granted McClain his requested out-of-time appeal. Doc. No. 9-5 at 11-12. At the evidentiary hearing, the trial court also purported to reconsider the claims in McClain's first Rule 32 petition regarding the voluntariness of his guilty plea and his trial counsel's effectiveness, and again ruled against McClain on those

3

claims. *See* Doc. No. 9-1 at 9-44. On return to remand, the Alabama Court of Criminal Appeals dismissed McClain's appeal from the summary dismissal of his second Rule 32 petition as moot because he had received the relief he requested, i.e., an out-of-time appeal from the denial of his first Rule 32 petition. Doc. No. 9-8.

<u>Out-of-Time Appeal from Denial of First Rule 32 Petition</u>

In his out-of-time appeal from the denial of his first Rule 32 petition, McClain asserted:

- The trial court went beyond the scope of the Alabama Court of Criminal Appeals' remand order regarding his second Rule 32 petition when, at the evidentiary hearing on November 5, 2012, the trial court purported to reconsider the claims in McClain's first Rule 32 petition regarding the voluntariness of his guilty plea and his trial counsel's effectiveness. In addition, the trial court violated his rights at that hearing by appointing his trial counsel to represent him when one of the claims in his first Rule 32 petition was that his trial counsel had been ineffective.

- His guilty plea was involuntary because he was not properly advised of the minimum and maximum sentences he could receive. Specifically, the *Ireland* form incorrectly stated that the minimum sentence he could receive for his convictions was 12 years.

- His trial counsel rendered ineffective assistance by failing to prepare the case for trial and "sway[ing] the petitioner to enter a plea of guilty."

- His trial counsel was ineffective for not timely filing the motion to reconsider his consecutive sentences.

- The trial court erred by accepting his guilty plea when he was under the belief that his total sentence would not exceed 20 years' imprisonment; thus, he received ineffective assistance of counsel.

Doc. No. 16-4 at 10-17.

On May 24, 2013, the Alabama Court of Criminal Appeals issued an unpublished memorandum opinion affirming the trial court's judgment denying McClain's first Rule 32 petition. Doc. No. 9-2. Regarding McClain's claim that the trial court went beyond the scope of

4

the Alabama Court of Criminal Appeals' remand order at the evidentiary hearing held on November 5, 2012, the state appellate court held:

> We agree with McClain that the circuit court erred, at the November 5, 2012, hearing on McClain's second petition, in reconsidering McClain's first petition. Indeed, the circuit court lacked jurisdiction to reconsider the first Rule 32 petition at the November 5, 2012, hearing on the second petition. … [T]his Court remanded the case solely for the circuit court to allow McClain an opportunity to prove the claim in his second petition that he had failed to appeal the summary dismissal of his first petition through no fault of his own. Thus, the circuit court's attempt to reconsider McClain's first Rule 32 petition exceeded the scope of this Court's remand order and was void for lack of jurisdiction. *See Anderson v. State*, 796 So. 2d 1151, 1156 (Ala. Crim. App. 2000) ("[A]ny act by a trial court beyond the scope of an appellate court's remand order is void for lack of jurisdiction."). *See also Barclay v. State*, 39 So.3d 209, 213 (Ala. Crim. App. 2008), and *Hyde v. State*, 894 So.2d 808, 810 (Ala. Crim. App. 2004) (both noting that a trial court is limited to the scope of an appellate court's remand order).
>
> However, the fact that the circuit court exceeded the scope of this Court's remand order regarding McClain's second Rule 32 petition in no way affects the summary dismissal of McClain's first petition that was entered on June 10, 2011, the only judgment that is the subject of this out-of-time appeal. Therefore, even though McClain is correct that the circuit court erred in reconsidering his first Rule 32 petition at the November 5, 2012, hearing on his second Rule 32 petition, this action by the circuit court does not require reversal of the June 10, 2011, summary dismissal of McClain's first Rule 32 petition.

Doc. No. 9-2 at 4-5.

Regarding McClain's claim that his guilty plea was involuntary because he was not properly advised of the minimum and maximum sentences he could receive, the Alabama Court of Criminal Appeals held:

> To the extent that this portion of this issue was intended by McClain to be a challenge to the voluntariness of his guilty pleas on the ground that he was not properly advised of the minimum and maximum sentences that he could receive, McClain did not raise this specific claim in his first Rule 32 petition, the petition that is the subject of this out-of-time appeal. As noted above, McClain's only claim in his first petition was that his guilty pleas were involuntary because trial counsel allegedly misinformed him about the terms of the plea agreement and about his ability to earn good-time while in prison. "An appellant cannot raise an issue on appeal from the denial of a Rule 32 petition which was not raised in the Rule 32 petition." *Arrington v. State*, 716 So.2d 237, 239 (Ala. Crim. App. 1997).

5

> Because McClain did not include in his first Rule 32 petition any claim regarding his allegedly not being properly advised of the minimum and maximum sentences he could receive, such a claim is not properly before this Court for review and will not be considered.

Doc. No. 9-2 at 6.

Regarding McClain's claim that his trial counsel rendered ineffective assistance by failing to prepare the case for trial and "sway[ing] the petitioner to enter a plea of guilty," the Alabama Court of Criminal Appeals held:

> To the extent that this portion of this issue was intended by McClain to be a challenge to trial counsel's effectiveness, … it does not appear that this is the same claim of ineffectiveness that McClain raised in his Rule 32 petition. In his brief, McClain refers to trial counsel not preparing for trial and to counsel "swaying him" to plead guilty. However, McClain never alleged in his petition that his trial counsel was ineffective for allegedly not preparing for trial or for allegedly persuading McClain to plead guilty. Therefore, those claims are not properly before this Court. *See Arrington, supra*.

Doc. No. 9-2 at 7-8.

Regarding McClain's claim that his trial counsel was ineffective for not timely filing the motion to reconsider his consecutive sentences, the Alabama Court of Criminal Appeals held:

> The only claim from his petition that McClain appears to pursue within this issue in his brief is that his trial counsel was ineffective for not timely filing the motion to reconsider his consecutive sentences within 30 days of McClain's sentencing hearing. However, the record before this Court refutes McClain's claim in this regard. As noted above, the State attached to its answer a copy of the motion to reconsider filed by McClain's trial counsel, and it is clear that the motion was timely filed within 30 days of McClain's December 16, 2010, sentencing hearing. Therefore, McClain's argument that his trial counsel was ineffective for not timely objecting to his consecutive sentences is meritless.

Doc. No. 9-2 at 8.

Finally, regarding McClain's claim that the trial court erred by accepting his guilty plea when he was under the belief that his total sentence would not exceed 20 years' imprisonment,

and thus he received ineffective assistance of counsel, the Alabama Court of Criminal Appeals held:

> This is the same issue that McClain raised in his petition. However, McClain makes no argument regarding this issue in his brief. Although the issue is listed in that portion of his brief entitled "Issues Presented For The Review" (McClain's brief, p. 10), the issue is not listed or argued in the argument section of McClain's brief.
>
> Rule 28(a)(10), Ala.R.App.P., requires that an argument contain "the contentions of the appellant/petitioner with respect to the issues presented, and the reasons therefor, with citations to the cases, statutes, other authorities, and parts of the record relied on." Parties are required "to include in their appellate briefs an argument section with citations to relevant legal authorities and to portions of the record relied on in their claims for relief." *Hamm v. State*, 913 So.2d 460, 486 (Ala. Crim. App. 2002). "Failure to comply with Rule 28(a)(10) has been deemed a waiver of the issue presented." *C.B.D. v. State*, 90 So.3d 227, 239 (Ala. Crim. App. 2011). Because McClain's brief with respect to this issue fails to comply with Rule 28(a)(10), Ala.R.App.P., this issue is deemed to be waived and will not be considered by this Court.

Doc. No. 9-2 at 8-9.

McClain applied for rehearing (Doc. No. 16-5), which was overruled by the Alabama Court of Criminal Appeals. He then filed a petition for writ of certiorari with the Alabama Supreme Court, which that court denied on September 13, 2013. Doc. No. 16-6; Doc. No. 9-3. A certificate of judgment was entered that same date. Doc. No. 9-3.

## McClain's § 2254 Petition

On October 1, 2013, McClain initiated this habeas action by filing a § 2254 petition asserting as his sole ground for relief that his guilty plea was not voluntarily entered with an understanding of the consequences of the plea, in particular, the minimum and maximum sentences he could receive. Doc. No. 1 at 5.

The respondents argue that McClain's claim is procedurally defaulted because it was not presented to the state courts in accordance with the requirements of the state's procedural rules

7

and the state appellate court rejected the claim on adequate and independent state procedural grounds. Doc. No. 9 at 6-7. After consideration of the parties' submissions, the record, and the pertinent law, the undersigned finds the respondents' argument to be well taken. Consequently, McClain is not entitled to habeas relief, and his § 2254 petition should be denied without an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*.

## II. DISCUSSION

### A. Procedural Default

<u>"Adequate and Independent State Ground" for Denying Relief</u>

Federal habeas review reduces the finality of litigation and frustrates states' "sovereign power to punish offenders" and states' "good-faith attempts to honor constitutional rights." *Murray v. Carrier*, 477 U.S. 478, 487 (1986). When a state prisoner fails to follow state procedural rules, thereby procedurally defaulting on a claim, the authority of federal courts to review the prisoner's state court criminal conviction is "severely restricted." *Johnson v. Singletary*, 938 F.2d 1166, 1173 (11th Cir. 1991). "Federal review of a petitioner's claim is barred by the procedural-default doctrine if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar, and that bar provides an adequate and independent state ground for denying relief." *Atkins v. Singletary*, 965 F.2d 952, 955 (11th Cir. 1992).

> By its very definition, the adequate and independent state-ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law. *See Fox Film Corp. v. Muller*, 296 U.S. 207, 210 (1935). Thus, by applying this doctrine to habeas cases, [*Wainwright v. Sykes*, 433 U.S. 72 (1977)] curtails reconsideration of the federal issue on federal habeas as long as the state court explicitly invokes a state procedural bar rule as a separate basis for decision. In

8

> this way, a state court may reach a federal question without sacrificing its interests in finality, federalism, and comity.

*Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989).

In his §2254 petition, McClain claims that his guilty plea was not voluntarily entered with an understanding of the consequences of the plea, in particular, the minimum and maximum sentences he could receive. Doc. No. 1 at 5. As the respondents observe, McClain raised this claim for the first time in his appeal from the trial court's denial of his first Rule 32 petition. In refusing to address the claim, the Alabama Court of Criminal Appeals stated:

> To the extent that this portion of this issue was intended by McClain to be a challenge to the voluntariness of his guilty pleas on the ground that he was not properly advised of the minimum and maximum sentences that he could receive, McClain did not raise this specific claim in his first Rule 32 petition, the petition that is the subject of this out-of-time appeal. As noted above, McClain's only claim in his first petition was that his guilty pleas were involuntary because trial counsel allegedly misinformed him about the terms of the plea agreement and about his ability to earn good-time while in prison. "An appellant cannot raise an issue on appeal from the denial of a Rule 32 petition which was not raised in the Rule 32 petition." *Arrington v. State*, 716 So.2d 237, 239 (Ala. Crim. App. 1997). Because McClain did not include in his first Rule 32 petition any claim regarding his allegedly not being properly advised of the minimum and maximum sentences he could receive, such a claim is not properly before this Court for review and will not be considered.

Doc. No. 9-2 at 6.

The Alabama Court of Criminal Appeals denied review of McClain's claim on the adequate and independent state procedural ground that issues not raised in the lower court in a Rule 32 petition cannot be raised for the first time on appeal from the denial of the Rule 32 petition. *See Arrington v. State*, 716 So.2d 237, 239 (Ala. Crim. App. 1997). This procedural

bar is firmly established and regularly followed by Alabama appellate courts.[2] *See, e.g., Boyd v. State*, 913 So. 2d 1113, 1144 (Ala. Crim. App. 2003); *McGahee v. State*, 885 So.2d 191, 224 (Ala. Crim. App. 2003); *Sims v. State*, 869 So.2d 1181, 1184 (Ala .Crim. App. 2003); *Arrington*, 716 So.2d at 239; *Cleveland v. State*, 570 So.2d 855, 857 (Ala. Crim. App. 1990); *Morrison v. State*, 551 So.2d 435, 437 (Ala. Crim. App. 1990).  Consequently, McClain's sole claim – that his guilty plea was not voluntarily entered with an understanding of the consequences of the plea, in particular, the minimum and maximum sentences he could receive – is procedurally defaulted for purposes of federal habeas review.[3]

**B.  Exceptions to Procedural Default**

A habeas petitioner can escape the procedural-default doctrine either through showing cause for the default and prejudice,[4] *Murray*, 477 U.S. at 488, or establishing a "fundamental

---

[2] In order to bar federal review, the state procedural bar must have been "firmly established and regularly followed" at the time of the alleged default. *Ford v. Georgia*, 498 U.S. 411, 424 (1991).

[3] McClain appears to suggest that he presented this claim to the trial court at the evidentiary hearing held on November 5, 2012, following remand by the Alabama Court of Criminal Appeals. *See* Doc. No. 11 at 4-5.  However, the Alabama Court of Criminal Appeals remanded McClain's case solely for the trial court to allow McClain an opportunity to prove the claim in his second Rule 32 petition that he had failed to appeal the denial of his first Rule 32 petition through no fault of his own.  Any further matters presented or considered at the evidentiary hearing were effectively nullities, including the trial court's purported reconsideration of claims in McClain's first Rule 32 petition or any attempts by McClain to expand the grounds for relief presented in his first Rule 32 petition.

[4] Cause for a procedural default must ordinarily turn on whether the petitioner can show that some objective factor external to the defense impeded efforts to comply with the state's procedural rules or that the procedural default resulted from ineffective assistance of counsel. *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *United States v. Frady*, 456 U.S. 152, 170 (1982). To establish prejudice, a petitioner must show that the errors at trial worked to his actual and substantial disadvantage, "infecting his entire trial with error of constitutional dimensions." *Frady*, 456 U.S. at 170; *see Murray*, 477 U.S. at 494.

miscarriage of justice," *Schlup v. Delo*, 513 U.S. 298, 324-27 (1995). McClain has not attempted to demonstrate the requisite cause to excuse his procedural default. Nor has he established a "fundamental miscarriage of justice." That alternative method of escaping procedural default requires a colorable showing of actual innocence,[5] which McClain has not made. *See Schlup*, 513 U.S. at 324-27. Therefore, McClain's claim is foreclosed from federal habeas review.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case be DISMISSED with prejudice.

The Clerk of the Court is DIRECTED to file the Recommendation of the Magistrate Judge and to serve a copy on the petitioner. The petitioner is DIRECTED to file any objections to this Recommendation on or before April 6, 2016. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to

---

[5] Prisoners asserting actual innocence as a gateway to review of defaulted claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found [the] petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). This standard "is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006). A petitioner must show "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998). The Supreme Court in *Schlup* observed:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.... To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324.

which the petitioner objects.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 23rd day of March, 2016.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE